## KENNEDY v. McARTHUR.

1. A count charging the defendant with harboring and concealing a runaway slave, knowing him to be such, is substantially a count in trespass, and may be joined with a count for seizing and carrying away another slave.
2. In an action of trespass for harboring a slave per *quod servitium amisit*, it is not necessary to aver in the declaration that the defendant has been criminally prosecuted, as the offence is a misdemeanor only.

WRIT of Error to the Circuit Court of Wilcox county.

This action is trespass *vi et armis*, by McArthur against Kennedy. The declaration has three counts. The first, charges that the defendant with force and arms took and carried away a negro man slave, the property of the plaintiff, from his possession, and kept the same from his service for the space of two years; the second asserts that the defendant wickedly, maliciously, and with force and arms, seduced, procured, and forced the slave to run away from the service of the plaintiff; and the third alleges, that the slave had run away from the service of the plaintiff, and that the defendant, well knowing the fact, with force and arms did harbor out and conceal said slave from the plaintiff.

The defendant demurred to the declaration, and his demurrer being overruled, pleaded the general issue; upon which a verdict was rendered, and judgment given against him for the damages assessed.

It is now assigned for error, that the demurrer ought to have been sustained, because there is no allegation in either count that the defendant has been prosecuted criminally for harboring the slave; and because of a mis-joinder of counts, one being in case, and the others in trespass.

DEAR, for the plaintiff in error.
BETHEA, *contra*.

GOLDTHWAITE, J.—1. The misjoinder of counts complained of in this case, is said to arise from the fact that the two

first counts are in *trespass*, while the last is in *case ;* but we think they all are entitled to be considered as charging forcible as well as unlawful acts. The count supposed to be in *case*, alleges that the slave had run away from the service of the plaintiff, and that the defendant harbored and concealed him, with a knowledge of the fact that he was so run away.

It is said the law implies force where a servant has been enticed away or debauched, though in fact she may have consented, the law considering such a person as incapable of consenting, and therefore in such a case *trespass* may be supported, though *case*, for the consequences of the wrong has, till of late, been the most usual form of declaration. [1 Chitty's Plead. 143.] It is difficult to conceive how the unlawful concealment of a runaway slave can be effective without some positive act of control over it, but nothing merely negative, can give the idea of harboring. This offence must be the result of some positive act, and is in every respect equivalent to enticing the slave in the first instance to quit the service of his owner; it is consequently a trespass in the technical sense of the term.

2. The other objection is, that neither count of the declaration contains any averment that the defendant has been prosecuted *criminaliter* for the act of harboring. In our opinion this is not an essential averment, as the offence charged was nothing more than a misdemeanor, punishable by fine and imprisonment at the time when committed.

Let the judgment be affirmed.